DENNIS KENNEY ET AL. *v.* HEALEY FORD-LINCOLN-MERCURY, INC., ET AL.
(AC 17800)

Landau, Spear and Daly, Js.

Argued January 28—officially released May 18, 1999

*Joanne S. Faulkner,* for the appellants (plaintiffs).

*Anita Flannigan Steenson,* with whom were *R. Edward Phillips,* legal intern, and, on the brief, *Joseph S. Dey III,* for the appellee (named defendant).

### Opinion

DALY, J. The plaintiffs, Dennis Kenney, Muriel Jordan and Jay Jacobs, appeal from the trial court's judgment following a trial to the court. The plaintiffs claim that the trial court improperly failed to find that the defendants (1) violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., (2) breached the implied warranty of merchantability included with every contract for the sale of goods and (3) were liable to them for fraudulent nondisclosure. We affirm the judgment of the trial court.

The following facts are necessary to our resolution of this appeal. On October 17, 1988, the plaintiff Jay Jacobs and Dawn Jacobs purchased a used 1987 Ford Tempo from the named defendant. Prior to that transaction, Healey Car and Truck Leasing, Inc. (leasing company), owned the vehicle. While the vehicle was owned

by the leasing company, it was in a collision and was subsequently repaired.

In January, 1989, Jay Jacobs was in a collision while driving the vehicle. The repairs cost Jacobs about $2700. The defendant Ford Motor Credit Company (finance company)[1] then repossessed the vehicle from the Jacobses because they failed to make the required payments.[2] The Jacobses owned the vehicle for about seven months and drove it about 10,000 miles.

The defendant, on November 9, 1989, resold the vehicle to the plaintiff Muriel Jordan. On December 17, 1990, the finance company repossessed the vehicle from Jordan.[3] Jordan owned the vehicle for over one year and drove it about 12,000 miles.

On May 5, 1991, the plaintiff Dennis Kenney purchased the vehicle from the defendant. In October, 1991, the finance company repossessed the vehicle from Kenney because Kenney failed to make his required payments. Kenney owned the vehicle for five months and drove it about 20,000 miles.

I

The plaintiffs first claim that the defendant violated CUTPA by not providing them with the vehicle's collision or rental history prior to their purchases. Specifically, the plaintiffs claim that the trial court should have concluded that the defendant violated CUTPA by not

---

[1] Prior to trial, the plaintiffs withdrew their action as against the defendant finance company. We will refer hereinafter to the named defendant as the defendant.

[2] After repossessing the vehicle from the Jacobses, the finance company returned it to the defendant because the defendant had guaranteed the finance company's loan to the Jacobses.

[3] After repossessing the vehicle from Jordan, the finance company returned it to the defendant because the defendant had guaranteed the finance company's loan to Jordan.

disclosing the rental and collision history of the vehicle. We disagree.

Connecticut courts, when determining whether a practice violates CUTPA, will consider "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other businessmen)." (Internal quotation marks omitted.) *Prishwalko* v. *Bob Thomas Ford, Inc.*, 33 Conn. App. 575, 584, 636 A.2d 1383 (1994). "Thus, a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy." (Citation omitted.) *Web Press Services Corp.* v. *New London Motors, Inc.*, 203 Conn. 342, 355, 525 A.2d 57, following remand, 205 Conn. 479, 533 A.2d 1211 (1987). "A failure to disclose can be deceptive only if, in light of all the circumstances, there is a duty to disclose." *Normand Josef Enterprises, Inc.* v. *Connecticut National Bank*, 230 Conn. 486, 523, 646 A.2d 1289 (1994).

"[W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

We conclude that the defendant's conduct was not deceptive. The plaintiffs have not pointed to any authority that would support their claim that the defendant had a duty to disclose the vehicle's history. Instead, § 42-110b-28 (b) (2) of the Regulations of Connecticut State Agencies provides that "[i]t shall be an unfair or deceptive act or practice for a new car dealer or used car dealer *to advertise* any motor vehicle for sale or lease which is not new unless the advertisement clearly and conspicuously discloses . . . (C) a designation of the vehicle as a . . . rental vehicle . . . if the dealer knows or, in the exercise of reasonable care, should know that the vehicle was previously so used." (Emphasis added.)

Our review of the record reveals that the defendant did not advertise the car within the meaning of the regulations and, therefore, did not have a duty to disclose that the vehicle was previously part of a rental fleet.[4] The trial court further found that all of the plaintiffs would have purchased the vehicle on exactly the same terms had they known its history. Indeed, none of the plaintiffs inquired about the vehicle's history. We cannot, therefore, conclude that the trial court's findings were clearly erroneous. Accordingly, we conclude that the trial court properly found that the defendant did not violate CUTPA.

## II

The plaintiffs next claim that the defendant, by failing to disclose the collision or rental history of the vehicle, breached an implied warranty of merchantability

---

[4] Section 42-110b-28 (a) (3) of the Regulations of Connecticut State Agencies provides in relevant part: "Advertisement . . . means any oral, written or graphic statement made by a new car dealer or used car dealer in any manner in connection with the solicitation of business and includes, but is not limited to statements and representations made in a newspaper or other publication or on radio or television or contained in any notice, handbill, sign, billboard, poster, bill, circular, brochure, pamphlet, catalogue or letter . . . ."

included with every contract for the sale of goods. We disagree.

General Statutes § 42a-2-314 (1) provides that "[u]nless excluded or modified as provided by section 42a-2-316, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. . . ." For goods to be merchantable, they must be "at least such as (a) pass without objection in the trade under the contract description; and (b) in the case of fungible goods, are of fair average quality within the description; and (c) are fit for the ordinary purpose for which such goods are used . . . ." General Statutes § 42a-2-314 (2).

The trial court neither found the plaintiffs credible nor believed their testimony that they stopped making payments on the vehicle because it was not reliable or safe. The trial court further found that the plaintiffs did not ask about the vehicle's history prior to purchasing it, even though all of the plaintiffs knew that the vehicle was used and had been repossessed. Indeed, we find particularly telling the fact that each one of the plaintiffs drove the vehicle at least 10,000 miles before failing to make the required payments. Accordingly, we cannot conclude that the defendant breached an implied warranty of merchantability.

### III

The plaintiffs' final claim is that the defendant's failure to disclose the vehicle's history was fraudulent. We disagree.

In a case involving a defendant's alleged fraudulent silence, "the general rule [is] that the silence of a vendor with reference to facts affecting the value or desirability of property sold cannot give rise to an action by the vendee to set aside the transaction as fraudulent. Certainly this is true as to all facts which are open to

discovery upon reasonable inquiry by the vendee." *Bridge-Mile Shoe Corp.* v. *Liggett Drug Co.*, 142 Conn. 313, 319, 113 A.2d 863 (1955). For a nondisclosure to amount to fraud, "there must be a failure to disclose known facts and, in addition thereto, a request or an occasion or a circumstance which imposes a duty to speak. . . . Such a duty is imposed on a party insofar as he voluntarily makes disclosure. A party who assumes to speak must make a full and fair disclosure as to the matters about which he assumes to speak." (Citations omitted; internal quotation marks omitted.) *Duksa* v. *Middletown*, 173 Conn. 124, 127, 376 A.2d 1099 (1977).

As noted above, the defendant did not have a duty to disclose the rental or collision history of the vehicle. Moreover, the defendant did not voluntarily disclose the rental or collision history of the vehicle. Finally, the trial court found that the plaintiffs failed to inquire about the vehicle's rental or collision history, which they easily could have done. Accordingly, we conclude that the defendant's silence was not fraudulent.

The judgment is affirmed.

In this opinion the other judges concurred.