[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO STRIKE
This action arises out of an alleged contract entered into between the plaintiffs, Phil Gladue and Ellen White, and the defendants James and Alison Cummins, whereby the plaintiffs agreed to purchase a home on property owned by the defendants. Defendant William F. Neal d/b/a Residential Engineering Services (hereinafter "Neal") was allegedly hired by the plaintiffs to perform a septic system evaluation of the property. Neal allegedly reported to the plaintiffs that the septic system was inadequate and recommended repair and/or replacement. Approximately one month later, on May 16, 1996, Neal allegedly reinspected the system and reported that the system had been properly repaired and was functional. On September 18, 1996, the plaintiffs allegedly discovered that the septic system was inadequate and nonfunctional.
As a result of Neal's alleged conduct, the plaintiffs have allegedly suffered damages, and assert three claims against him: (1) negligence; (2) breach of contract; and (3) violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a, et seq.
Neal now moves to strike only the CUTPA count (count seven) as it applies to him, on the ground that it is not pled with sufficient legal specificity.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael. Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, 709 A.2d 558 (1998).
In support of his motion, Neal argues that the plaintiffs' allegations of negligence, breach of contract and failure to disclose are insufficient as a matter of law to state a claim under CUTPA. The plaintiffs argue in opposition that their allegations satisfy all three prongs of the "cigarette rule," and therefore, the motion to strike must be denied.
General Statutes § 42-110b (a) provides that "[n]o person shall engage in unfair methods of competition and unfair or CT Page 13045 deceptive acts or practices in the conduct of any trade or commerce." "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Willow SpringsCondominium Association, Inc. v. 7th BRT Development Corp.,245 Conn. 1, 43, 717 A.2d 77 (1998).
"[A] violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy. . . . Furthermore, a party need not prove an intent to deceive to prevail under CUTPA." Id. "Whether a practice is unfair and thus violates CUTPA is an issue of fact. . . . The facts found must be viewed within the context of the totality of circumstances which are uniquely available to the trial court." (Internal quotation marks omitted.) Thames RiverRecycling v. Gallo, 50 Conn. App. 767, 794, 720 A.2d 242 (1998).
"A simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act." (Internal quotation marks omitted.) EmleeEquipment Leasing Corp. v. Waterbury Transmission. Inc.,41 Conn. Sup. 575, 580, 595 A.2d 951 (1991). "[A] `misrepresentation' can constitute an aggravating circumstance that would allow a simple breach of contract claim to be treated as a CUTPA violation; it would in effect be a deceptive act. . . ." (Citations omitted.)Designs on Stone. Inc. v. Brennan Construction Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 059997 (April 9, 1998, Corradino, J.) (21 Conn. L. Rptr. 659).
"[T]o find a violation of CUTPA grounded in negligence, the plaintiff must prove that the act violated public policy and CT Page 13046 caused substantial unjustified injury to consumers, competitors, or other business people." (Internal quotation marks omitted.)Thames River Recycling v. Gallo, supra, 50 Conn. App. 787. "In order for an act or practice to have caused substantial unjustified injuries . . . the following three factors must be found; one, the injury caused must have been substantial; two, the injury caused must not have been outweighed by any countervailing benefits to consumers or by competition that the practice produces; and three, that the injury caused must have been an injury that the consumer, competitor, or other business person could not reasonably have avoided." (Internal quotation marks omitted.) Id., 785.
"Although a failure to disclose can constitute a CUTPA violation, it will do so only if, in light of all the circumstances, there is a duty to disclose." (Internal quotation marks omitted.) Willow Springs Condominium Association. Inc. v.7th BRT Development Corp., supra, 245 Conn. 43-44; Kenney v.Healey Ford-Lincoln-Mercury. Inc., 53 Conn. App. 327, 330,730 A.2d 115 (1999).
In their CUTPA count, the plaintiffs reallege the facts which comprise their counts for negligence and breach of contract. Those facts essentially state that Neal was contractually obligated to evaluate whether the plaintiffs' septic system was adequate and functional. The plaintiffs further allege that Neal assured them that the system was properly functional, when in fact, that was not true. In addition, Neal allegedly failed to perform his contractual duties on a repeated basis, and "repeatedly failed to disclose that the septic system was not in good working order." Complaint, Count Seven6¶¶ 7-8. As a result, the plaintiffs allege they suffered damages and incurred significant costs in replacing the septic system.
The plaintiffs, therefore, have pled at least three underlying theories of common law liability on the part of Neal in support of their CUTPA claim: negligence, breach of contract and failure to disclose. The court finds, however, that their allegations do not exceed that of a simple breach of contract or negligent inspection. For instance, there are allegations of Neal "failing to disclose" information when he had a contractual duty to disclose such information to the plaintiffs; however, the plaintiffs do not specify whether Neal's actions were wilful, reckless, negligent or innocent. In short, the plaintiffs' allegations are devoid of facts to elevate Neal's conduct from CT Page 13047 that of contract breach or negligent performance to the type of immoral, unethical, unscrupulous or offensive trade practices which CUTPA was designed to prevent. Cf. Phillips IndustrialService Corp. v. Connecticut Light Power Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 409665 (March 22, 1999, Levin, J.) (striking CUTPA claim where plaintiff merely incorporated breach of contract count and alleged misrepresentation without articulating how conduct was immoral, unethical, etc.).
The plaintiffs' CUTPA claim, therefore, requires elaboration of the facts to at least demonstrate how Neal's conduct was immoral, unethical, oppressive or unscrupulous. As presently pleaded, the plaintiffs allege the aforementioned acts giving rise to claims for breach of contract, negligence and failure to disclose, and conclusively state that such acts violate CUTPA. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems. Inc. v. BOC Group, Inc.,224 Conn. 120, 215, 618 A.2d 25 (1992).
Accordingly, the motion to strike the seventh count is granted.
D. Michael Hurley, Judge Trial Referee