[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case arises out of the plaintiffs' purchase of residential property The remaining defendants are Beth Nelson, listing agent for the property owner, Coldwell Banker Schlott Realtors, the agent's employer, and Brian Good, the seller. On June 22, 1995, the plaintiffs entered into a purchase agreement. Thereafter, they hired Peter Piller of American Home Building Inspection Company, Inc.[1] to conduct a home inspection, which inspection he performed on July 13, 1995. Nothing in Piller's report revealed a failed septic system. The parties closed by warranty deed on July 31, 1995, and, within days, the plaintiffs noticed a stench outdoors and sewage seeping up around newly mown grass. They also experienced difficulty with the water supply when doing the family laundry. A subsequent examination of the septic system revealed a failed system (though the inspector could not state when it was the system had failed) which would cost a significant sum to repair. Those repairs were never made and the system survives this date primarily as a result of the family's reduced laundering and showering at home. The plaintiffs seek as damages the cost of restoring[2] the system.
The only issue presented for this court's determination is whether the next door neighbor's statement to the defendant agent, Beth Nelson, at an open house held weeks prior to the plaintiffs' contracting to purchase this home, required the agent to disclose the same to the plaintiffs or their agent. The neighbor testified he had become aware of an odor[3] in 1994. On cross-examination, the neighbor indicated he told Ms. Nelson he believed there was a problem with the septic system. Ms. CT Page 13960 Nelson testified he said, "You know, there could be some septic problem here." There is no question the agent indicated to him she had no knowledge of the problem. The neighbor recalled pointing out the area of the septic system through a window and seeing an area of high grass in that area; the defendant had no recollection of his doing that. Her testimony, however, was that she called the property owner, who resided in California, advised him of the neighbor's comment, and was told by the owner, "There's not a problem with the septic system." He also told her the neighbor was always complaining because of the owner's male friends who were renting the house. Ms. Nelson also advised Sue Ellen Stavrard, the buyer's agent, the buyers needed to obtain full inspections.
The evidence clearly established defendant Nelson never had any personal contact with the plaintiffs, never spoke to them prior to the closing, and was not present at either the home inspection or the inspection/appraisal of the septic system done after the closing. As the agent for the seller, her function consisted primarily of having the property listed, overseeing its marketing, and arranging for the advertising. There was no evidence Ms. Nelson made any representations to the plaintiffs with regard to the septic systems. Aside from the neighbor's comment, she had no knowledge of the condition of the system other than having been told by the owner the system was eleven (11) years old[4] and that there was no problem with it.
The plaintiffs' complaint does not allege misrepresentation or concealment. Their cause of action is based on nondisclosure. They claim the defendant agent and her employer "breached their duty to the plaintiffs in failing to disclose their knowledge of said septic problems. . . ." Paragraph 7 of First Count. The plaintiffs allege Restatement 2nd, Torts, Section 551(2)(e) establishes the defendants' liability. It reads:
 One party to a business transaction is under a duty to exercise reasonable care to disclose to the other before the transaction is consummated facts basic to the transaction if he knows that the other, because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts (emphasis added).
Comment j to this section states, "A basic fact is a fact that is assumed by the parties as a basis for the transaction CT Page 13961 itself. . . . It is a fact that goes to the essence of the transaction." It continues:
 Other facts may serve as important and persuasive inducements to enter into the transaction but not go to its essence. These facts may be material, but they are not basic. If the parties expressly or impliedly place the risk as to the existence of a fact on one party or the law places it there by custom or otherwise the other party has no duty of disclosure. Id. at p. 123.
Whether there is a duty to disclose is always a matter for the court's determination.[5] Under this section of the Restatement, however, a predicate to the imposition of liability is that the fact not disclosed be a fact which goes to the very essence of the transaction. Though the parties do not address the distinction between a "basic" fact and a "material" fact, this court concludes the failure to disclose a suspected septic problem is a basic fact in view of the testimony of Mrs. LaCasse that she and her husband would not have bought the house had they been told. Yet, even so, Comment j concludes there is no duty of disclosure if the parties expressly or impliedly place the risk regarding the existence of that fact (here, a potential septic problem) on one party or if the law places it on one party by custom or otherwise. See also Duksa v. Middletown, 173 Conn. 124,127 (1977).
In the instant case, there was no expert testimony to establish the standard of care for realtors required disclosure under these circumstances. Nor was the relationship between the parties such that would require disclosure. The only evidence on this point came from Ms. Nelson, who testified that, as the seller's agent, it would not have been proper to disclose any fact directly to the buyers and that, had she felt a duty to disclose the neighbor's comment, she would have disclosed to the selling agent. There was, however, in the Offer to Purchase (P. 2 of Plaintiffs' Exhibit #3) the following language regarding inspection:
 The Buyer agrees that he has examined the premises and that he is fully satisfied with the physical condition and that neither the seller nor any representative of the seller has made any representation upon which the Buyer relies, except as herein expressly set forth.
Almost precisely the same language was considered by this state's CT Page 13962 Supreme Court in Gibson v. Capano, 241 Conn. 725 (1997).[6]
That Court concluded this disclaimer of reliance clause, in the absence of a claim of mistake, fraud or unconscionability, is a valid contract term[7] and allocated the risk of loss to the plaintiffs.[8] It clearly follows that, if this clause insulates a party from liability for innocent misrepresentation (as in Gibson), it must offer the same protection to a party who — as here — makes no representation.
Plaintiffs next rely upon Section 20-328-5a(a) of the Regulations of Connecticut State Agencies which provides, "A licensee shall not misrepresent or conceal any material facts in any transaction."[9] As earlier stated there was no misrepresentation by the defendant realtor nor is there in the complaint an allegation of intentional or fraudulent concealment. Given that the plaintiffs have proceeded on the basis of nondisclosure, this regulation is arguably not applicable. If, however, this regulation were to be read so broadly as to embrace the legal theory of nondisclosure, there must be the showing a material "fact" was not communicated. In this instance, there is the neighbor's statement, "You know, there could be some septic problem here." As cross-examination made clear, that statement was made at a point in time when the neighbor had not yet observed effluent but he had smelled an odor. His statement is not therefore a representation of fact regarding the condition of the septic system; the only "fact" brought to the attention of the listing agent was the existence of an odor on some prior occasion. The agent's response to that was to: a) inquire of the owner his awareness of a septic problem which he denied; and b) advise the selling agent to be sure the buyers had full inspections. Clearly, the neighbor's comment did not provide notice of a failed septic system;. in fact, the home inspection report did not reveal the same and, though it was evident the system had failed when, within days of the closing, the septic inspector examined the system, even he could not state when it had failed.
It cannot therefore be concluded the listing agent had a duty to do more than to canvass the owner and advise the buyers' agent of their need to do full inspections. Our appellate court recently stated that, even where a vendor sells a vehicle it knows to have been involved in an accident and to have been subsequently repaired, "the silence of a vendor with reference to facts affecting the value or desirability of property sold cannot give rise to an action by the vendor to set aside the transaction CT Page 13963 as fraudulent." Kenney v. Healey Ford — Lincoln —Mercury, Inc., 53 Conn. App. 327, 332 (1999). It continued, "Certainly this is true as to all facts which are open to discovery upon reasonable inquiry by the vendee." Id. at 332-33. The court concluded fraudulent nondisclosure, a theory of liability not specifically here alleged, requires a failure to disclose known facts in the face of a request or an occasion or a circumstance which imposes a duty to speak and that that duty is imposed on a party "insofar as he voluntarily makes disclosure."Id. at 333.
The plaintiffs have not established misrepresentation, concealment, or fraudulent nondisclosure, or otherwise actionable nondisclosure. Where, as here, the reliance disclaimer clause of the Offer To Purchase places the burden upon the plaintiffs to obtain inspections and where, as here, the home inspection report recommended the buyers have the septic system evaluated prior to purchase,[10] which evaluation was not performed, the risk of a failed system is placed squarely on the buyers.
Accordingly, judgment shall enter for the defendant agent and agency.
Sheedy, J.