**CITY OF BRIDGEPORT, Plaintiff,**

v.

**AERIALSCOPE, INC., United Fire Insurance Company. d/b/a/ Crum & Forster, Defendants.**

**No. 3:00–CV–461 EBB.**

United States District Court,
D. Connecticut.

Sept. 14, 2000.

John Richard Mitola, City of Bridgeport, Office of the City Attorney, Bridgeport, CT, for City of Bridgeport.

Stewart I. Edelstein, Cohen & Wolf, P.C., Bridgeport, CT, for Aerialscope, Inc., U.S. Fire Ins.

### RULING ON MOTION TO DISMISS COUNT FOUR OF THE COMPLAINT

ELLEN B. BURNS, Senior District Judge.

### INTRODUCTION

Plaintiff City of Bridgeport ("Plaintiff" or "City"), brings this five-count Complaint, alleging violation of a contract with Defendant Aerialscope ("Defendant" or "Aerialscope"), and their insurer due to the delivery of a faulty Tower Ladder Truck to the City.

Count One sounds in breach of contract; Count Two seeks rescission; Count Three contends that Defendant breached express and implied warranties under the Uniform Commercial Code; Count Four is pleaded as a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"); and Count Five alleges the breach of a performance bond against United States Fire Insurance Company.

Aerialscope now seeks to dismiss the CUTPA Count, contending that it is merely a repetition of the breach of contract count.

### STATEMENT OF FACTS

The Court sets forth only those facts deemed necessary to an understanding of the issues raised in, and decision rendered on, this Motion. The facts are culled from the Complaint and the parties' moving papers.

The City and Aerialscope entered into a contract by which Arielscope agreed to sell to the City a 95–foot Tower Ladder Truck (the "Truck") for $706,539.56. This purchase was based upon a bid proposal and specifications issued by the City and made part of the contract between them.

The Truck was delivered to the City on December 15, 1998, at which time the City paid Aerialscope the balance of the purchase price. From the very first day of delivery, the Truck experienced problems, making it inoperable. From December 15, 1998, up to and including June, 1999, the vehicle suffered twenty-seven major technical difficulties. The vehicle was out of service for over 195 days, and since July, 1999 to the date of the Complaint, the Truck continues to be out of service and simply sits in the City's garage.

Despite Aerialscope's alleged breach of contract and the City's demand for a full refund of the purchase price, Aerialscope has refused to reimburse the City.

Count Four simply incorporates the allegations of the breach of contract Count and the breach of express and implied warranties Count. It then adds a new paragraph, purportedly asserting violation

of CUTPA because "a. Defendant, knowing that said vehicle would be used to protect the citizens and firefighters of Bridgeport, sold an unfit, defective and inoperable fire vehicle to Bridgeport which, cannot be made operable or functional by defendant and therefore, defendant's conduct offends the public policy of the State of Connecticut; b. The intended purpose of the vehicle was to serve and protect the citizens and firefighters of Bridgeport, an intent known by the defendant, Arielscope, however, by virtue of defendant's inability to provide a sound, operative vehicle to Bridgeport, as well as its inability to properly service and repair the vehicle, defendant's actions constitute unfair and unscrupulous conduct."

## LEGAL ANALYSIS

### I. *The Standard of Review*

#### *Federal Rule of Civil Procedure 12(b)(6)*

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The function of a motion to dismiss is "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984) *quoting Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir. 1980).

Pursuant to a Rule 12(b)(6) analysis, the Court takes all well-pleaded allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff. *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996). *See also Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (Federal Rules reject approach that pleading is a game of skill in which one misstep by counsel may be decisive of case). However, the Federal Rules do not allow the substitution of conclusory statements "for minimally sufficient factual allegations." *Furlong v. Long Island College Hosp.,* 710 F.2d 922, 927 (2d Cir.1983).

### II. *The Standard as Applied*

■ Arielscope contends that Count Four should be dismissed because the allegations fail to support a CUTPA claim for three reasons: 1) simple breach of contract, which is the purported basis of the alleged CUTPA claim, is insufficient to support a CUTPA violation; 2) the City fails to plead with sufficiency the alleged CUTPA claim; and 3) the alleged breach of contract does not offend public policy, and it is not "unfair" or "deceptive."

In *Boulevard Associates v. Sovereign Hotels,* 72 F.3d 1029, 1038 (1995), the Court of Appeals for the Second Circuit set forth the proper analysis for an alleged violation of CUTPA.

The central prohibition of CUTPA is contained in § 42–110b which provides that "[n]o person shall engage in unfair methods of competition or deceptive acts or practices in the conduct of any trade or commerce." In determining whether a given action is "unfair" the Connecticut Supreme Court has adopted the so-called "cigarette rule" developed by the Federal Trade Commission in the context of section 5(a)(1) of the Federal Trade Commission Act. According to the cigarette rule, a court must consider:

> 1) [W]hether the practice, without necessarily having previously been determined unlawful, offends public policy as it has been established by statutes, the common law or otherwise— in other words, it is within at least the penumbra of some common law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; 3) whether it causes substantial injury to consumers.

*Atlantic Richfield Co. v. Canaan Oil Co.,* 202 Conn. 234, 239, 520 A.2d 1008 (1987); *see also FTC v. Sperry & Hutchinson Co.,*

405 U.S. 233, 244 n. 5, 92 S.Ct. 898, 31 L.Ed.2d 170 (1972).

The Second Circuit then held that a simple breach of contract claim did not offend traditional notions of fairness and defendants' actions were, therefore, not violative of CUTPA. *Boulevard,* 72 F.3d at 1038. The *Boulevard* Court next noted that the majority of courts in Connecticut have so held. "A simple breach of contract action is not sufficient to establish a violation of CUTPA, particularly where the count alleging CUTPA simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous or offensive to public policy." *Id., quoting Chaspek Mfg. Corp. v. Tandet,* 1995 WL 447948 at *12 (Conn.Super. June 16, 1995). *Accord Omega Engineering, Inc. v. Eastman Kodak Company,* 30 F.Supp.2d 226, 260 (D.Conn.1998) (dismissing CUTPA count); *Kenney v. Healey Ford–Lincoln–Mercury, Inc.,* 53 Conn.App. 327, 330–31, 730 A.2d 115 (1999) (dismissing CUTPA count).

In the present Complaint, in an attempt to bring the breach of contract action within CUTPA, Plaintiff simply asserts that the delivery of an inoperable fire truck is tantamount to a breach of public policy because the citizens of Bridgeport and the firefighters of Bridgeport were unprotected by the allegedly faulty truck. It is also alleged that, because Defendant knew an operable truck was necessary to protect the citizens and firefighters of Bridgeport, Defendant's inability to provide a sound, operative vehicle, as well as its inability to properly service and repair the vehicle, rendered such conduct unfair and scrupulous.

To reiterate, generally, a breach of contract action does not constitute a claim under CUTPA. *General Elec. Capital Corp. v. DirecTv, Inc.,* 94 F.Supp.2d 190, 204 (D.Conn.1999). *Accord Boulevard,* 72 F.3d at 1038–39 (agreeing with "vast majority" of Connecticut courts that breach of contract not sufficient to form basis for CUTPA claim). In order that a breach of contract action also serve as a CUTPA violation, a plaintiff must show "substantial aggravating circumstances intending to breach." [sic] *Greenwich Capitol Fin. v. Citicorp Mtg.,* 1999 WL 293912 at *3 (Conn.Super.1999). *Accord, Boulevard,* 72 F.3d at 1038 (CUTPA requires "aggravating circumstances surrounding the breach.").

The Court holds that the allegations set forth in Count Four, simply parroting the statute, do not meet the tests set forth above. Quite naturally, the circumstances must be overwhelmingly frustrating to Plaintiff. The Court, however, cannot believe they are not equally frustrating to Defendant.

Further, Defendant's numerous attempts at making the tower ladder truck operable are actually to be commended. Instead of simply saying "the problem's yours", Aerial has continually attempted to repair the truck, time and time again. The Court believes that such is the antithesis of "unfair and unscrupulous conduct." Although Plaintiff puts special emphasis on the fact that the faulty vehicle is a fire truck, intended to protect the citizens of Bridgeport, the Court also will not hold that this is the sufficient aggravating factor mandated by *Boulevard* and *Greenwich Capitol.*

## CONCLUSION

For each of the foregoing reasons set forth above, Plaintiff has failed to set forth a claim under CUTPA upon which relief may be granted. The Motion to Dismiss Count Four [Doc. No. 7] is GRANTED.

SO ORDERED.