[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant, Hewlett-Packard Company, has moved to strike both of the counts of the two-count complaint, in which the plaintiffs allege that the defendant violated the Connecticut Unfair Trade Practices Act, ("CUTPA") Conn. Gen. Stat. Sec. 42-110a et seq., and engaged in fraudulent misrepresentation and/or fraudulent concealment in connection with its sale of certain computer printers. Specifically, the plaintiffs allege that the defendant manufactured, distributed and sold printers beginning in the spring of 1998 that did not contain fully-filled ink cartridges, which had been included with printers sold previously, but that contained only half-filled cartridges, with the result that purchasers would have to buy new print cartridges sooner. The plaintiffs allege that the defendant is the only manufacturer of print cartridges that could be used in the printers at issue and that the inclusion of the half-filled cartridges had the effect of necessitating an additional purchase from the defendant sooner than if a full cartridge had been supplied. The plaintiffs allege that the lower-capacity cartridges had the same appearance as full cartridges and that the defendant did not disclose that the printer was equipped with a cartridge that was not fully filled.
The plaintiffs allege a CUTPA violation in the first count of their complaint. In the second count, they allege that "the Defendant made representations and statements of fact to the Plaintiffs and members of the class that were intended to deceive consumers and induce them to purchase the Defendant's printers under false pretenses." The plaintiffs allege that the defendant's "representations and/or concealment of material facts . . . did induce action of a definite and substantial character on the part of the Plaintiffs and other members of the class . . . to their financial loss. (Complaint, para. 16-19.)
Standard of Review on Motion to Strike
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Sherwood v. Danbury Hospital, 252 Conn. 193, 213 (2000);Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-2
15 (1992); Fenyman v. Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. The role of the trial court is to examine the complaint, construed in favor of the pleader, to determine whether the pleader has stated a legally sufficient cause of action. ATC Partnership v. Windham251 Conn. 597, 603, cert. denied, 120 S.Ct. 2217 (1999); Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378 (1997); Napoletano v.CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33, cert. denied, 117 S.Ct. 1106 (1990).
In adjudicating a motion to strike, the court must construe the facts CT Page 8551 alleged in the complaint in the manner most favorable to the plaintiff.Gazo v. Stamford, 255 Conn. 245, 260 (2001); Bohan v. Last, 236 Conn. 670,675 (1996); Sassone v. Lepore, 226 Conn. 773, 780 (1993); NovametrixMedical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215; Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988).
The Connecticut Supreme Court has recently explained that in the context of a motion to strike, the complaint "must be construed broadly and realistically, rather than narrowly and technically," Gazo v.Stamford, supra, 255 Conn. 260, citing Doe v. Yale University,252 Conn. 641, 667 (2000); Edward v. Tardif, 240 Conn. 610, 620 (1997). "Thus, if facts provable in the complaint would support a cause of action, the motion to strike must be denied. Waters v. Autuori,236 Conn. 820, 826 . . . (1996). Moreover . . . what is necessarily implied [in an allegation] need not be expressly alleged. Clohessy v.Bachelor, 237 Conn. 31, 33 n. 4 . . . (1996)." Gazo v. Stamford, supra,255 Conn. 260.
A party that seeks greater clarity in the factual allegations has the option of filing a request to revise in order to make clear, for purposes of a later motion to strike, what the precise facts alleged are, in the event that a plaintiff has pleaded in general terms. Practice Book Sec,10-35.
In the case before this court, the defendant did not file a request to revise, and the court must construe the somewhat general and expansive allegations of fact in the favorable manner required by the precedents cited above.
CUTPA CLAIM
The Connecticut Unfair Trade Practices Act prohibits acts or practices in trade or commerce that are deceptive or unfair. Fink v. Golenbock,238 Conn. 183, 215 (1996); Cheshire Mortgage Service, Inc. v. Montes,223 Conn. 80, 105-106 (1992). Conn. Gen. Stat. § 42-110b(b) provides that in interpreting CUTPA, Connecticut's courts shall be guided by interpretations of the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45
(a)(1), as amended.
The Connecticut Supreme Court has adopted the so-called "cigarette rule" stated in FTC v. Sperry Hutchinson Co., 405 U.S. 233, 244-45
n. 5, 92 S.Ct. 989, 31 L.Ed.2d 170 (1972): "whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the CT Page 8552 penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, (competitors or other businessmen.)" Williams Ford, Inc. v. HartfordCourant Co., 232 Conn. 559, 591 (1995), quoting Conaway v. Prestia,191 Conn. 484, 492-93 (1993); Normand Josef Enterprises v. ConnecticutNational Bank, 230 Conn. 486, 522 (1994).
In the present case, the plaintiffs allege that the defendant "actively concealed material facts and misled consumers" as part of a scheme to cause consumers to buy replacement ink cartridges sooner than would have been necessary had the ink cartridge included with the printer been full instead of only partly filled. Supplying an ink cartridge that is less than what it seems to be, that is, which does not provide the extent of use that its size would suggest, is conduct that might properly be found to be unfair or deceptive. The defendant observes that its statements and box labelling to the effect that an ink cartridge was supplied with the printer were true, and it argues that true statements are not actionable under CUTPA. The plaintiffs observe that true statements may be unscrupulous if they do not represent the whole truth, and that the whole truth was that the cartridge supplied had not been fully filled, so that it would run out faster than a standard replacement cartridge. The omission of a salient piece of information about the attributes of a product that the seller has undertaken to describe, may, depending on the context, deceive or mislead a consumer. Under the pleading standard applicable to motions to strike, this court cannot determine that there is no set of facts provable concerning the context of the defendant's labeling of its product would support a conclusion that the defendant's actions were deceptive or unscrupulous. The motion to strike Count One, in which the plaintiff alleges a violation of CUTPA, is denied.
Claim of Intentional Misrepresentation/Concealment of Fact
Connecticut courts recognize a cause of action, which must be proved by "clear and satisfactory" or "clear, precise and unequivocal" evidence, for fraud by nondisclosure. Barbara Weisman, Trustee v. Kaspar,233 Conn. 531, 540 (1995); Parker v. Shaker Real Estate, Inc.47 Conn. App. 489, 493-94 (1998).
Read in the manner required when a claim is being considered upon a motion to strike, the plaintiffs allege that the defendant undertook to describe what was being supplied in the box containing the printer it sold to the plaintiff and that it failed to provide the known fact that the printer cartridge was not a full cartridge, but only a partially filled one. Connecticut courts have recognized a cause of action for fraud by nondisclosure: the failure to make a full and fair disclosure of CT Page 8553 known facts connected with a matter about which a party has assumed to speak, to induce the other party to act, and upon which the other party acts to his injury. Duska v. Middletown, 173 Conn. 124, 127 (1977);Robert M. Elliott, P.C. v. Stuart, 53 Conn. App. 327, 333 (1999); Parkerv. Shaker Real Estate, Inc., supra, 47 Conn. App. 493-94 (1998); Gelinasv. Gelinas, 10 Conn. App. 167, 173, cert. denied, 204 Conn. 802 (1987).
The plaintiffs have pleaded that the defendant represented that "print cartridges" were included with the defendant's printers, that the defendant did not disclose that the cartridges were only partly filled with ink, that the disclosures were designed to induce the plaintiffs to buy the printer, and that the "representations and/or concealment of material facts by the Defendant did induce action of a definite an substantial character on the part of the Plaintiffs," (para. 17) a statement under which the plaintiffs could present evidence that they bought the printers thinking they were fully equipped with standard, full ink cartridges. A trier of fact may find that the result of pointing out the inclusion of an ink cartridge constituted a representation that such inclusion was a desirable feature, an inducement to purchase the defendant's printer instead of another brand of printer, and that so touting the presence of a cartridge required a forthright description of the cartridge as what the defendant has termed in its brief an "economy-size ink cartridge."
The defendant notes that the Connecticut Supreme Court stated in Olsonv. Accessory Controls and Equip. Corp., 254 Conn. 145, 180 (2000), that "`a failure to disclose can be deceptive only if, in light of all the circumstances, there is a duty to disclose.' Normand Josef Enterprises,Inc. v. Connecticut National Bank, [supra,] 230 Conn. 486, 523 . . .; see also Duksa v. Middletown, [supra,] 173 Conn. 124, 127 . . . (1977) (for nondisclosure to amount to fraud, there must be failure to disclose known facts and circumstances that impose a duty to speak)." The defendant's alleged representation to consumers that printer cartridges were included with its printers may be viewed as an implicit representation that a standard cartridge was included, and may be viewed by the trier of fact as a circumstance that give rise to a duty to disclose that something less was being supplied. While the defendant may not have had a duty to describe the component parts of its printers, where it undertook to state that a particular item was included, it may be held to have a duty to describe that item accurately.
The motion to strike this claim is denied.
Conclusion
The motion to strike is denied. CT Page 8554
Beverly J. Hodgson Judge of the Superior Court